NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted March 30, 2017[*]
Decided April 3, 2017

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 17-1069 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| GLORIA E. SWANSON, *Plaintiff-Appellant*, | |
| *v.* | |
| | No. 16 C 7890 |
| BAKER & MCKENZIE, LLP, and CHANEL JOHNSON-BELL, *Defendants-Appellees*. | Virginia M. Kendall, *Judge*. |

**Order**

In 2013 this court held that an ex-employer's temporary inability to confirm the employment of someone who worked there more than a decade ago could

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

not reasonably be understood as defamatory, discriminatory, or retaliatory. *Swanson v. Baker & McKenzie, LLP*, No. 13-1740 (7th Cir. Aug. 21, 2013) (nonprecedential disposition).

Early in 2016 Swanson again had third parties ask Baker & McKenzie to verify her employment, and history repeated itself. The law firm's representative again could not immediately tell the inquirer whether Swanson had worked for it between 1990 and 1995, but after more searching was able to verify that employment and confirm it, sending Swanson a letter that she can use in future searches for employment. Dissatisfied, Swanson again sued, accusing the law firm of defamation, discrimination, and retaliation. The district court granted summary judgment against her—largely on the basis of our 2013 decision, but for other reasons as well, including the fact that Swanson had not filed a new charge of discrimination with the appropriate state or federal agencies. 2016 U.S. Dist. Lexis 172979 (N.D. Ill. Dec. 14, 2016).

Swanson's appellate brief contends, as she had in 2013, that a temporary failure to confirm an ex-employee's years of service must be understood as defamatory, discriminatory, and retaliatory. That contention amounts to disagreement with our 2013 decision and is blocked by principles of issue preclusion. We affirm the district court's judgment for that reason and the others given by the district judge's careful opinion.

Swanson has become a frequent litigant, and the district judge observed that many of her contentions are weak if not frivolous. The judge warned Swanson that continuation of this campaign of litigation will lead to sanctions. Instead of taking that warning to heart, Swanson's appellate brief accuses the district judge of defamation. Blaming the judge is not a satisfactory response; the judge's warning was designed to help Swanson avoid sanctions. She must understand that further litigation of this kind will be penalized by the district court under Fed. R. Civ. P. 11 and by this court under Fed. R. App. P. 38.

AFFIRMED